UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| LISA CARTER, *et al.* | CIVIL ACTION NO. 04-0072 |
|---|---|
| -vs- | JUDGE DRELL |
| WAL-MART STORES INC., *et al.* | MAGISTRATE JUDGE KIRK |

RULING

Before the Court are plaintiffs' motions to amend their Complaint (Docs. 19 and 22) to add Jeff Gunnels and Cedric Miller as defendants, and defendants' motion to dismiss defendant Thomas Williams (Doc. 15). Having reviewed the motions and memoranda submitted by the parties, and the applicable statutes and case law, the Court will GRANT the motion to dismiss (Doc. 15) and DENY the motions to amend (Docs. 19 and 22).

FACTUAL BACKGROUND

Plaintiffs, Lisa Carter, Brooke Carter and Laken Carter, were shopping inside a Wal-Mart store in Alexandria, La. on December 31, 2002 when a metal display rack fell from overhead and landed on them (Doc. 1). Plaintiffs filed suit in the Ninth Judicial District Court, Rapides Parish, Louisiana., alleging negligence on the part of Wal-Mart and Thomas Williams (its manager at the time

of the incident) and strict liability for vices and defects under Louisiana law. Defendants Wal-Mart and Williams subsequently removed the case to this Court (Doc. 2) pursuant to 28 U.S.C. § 1441.  Defendants then moved to dismiss defendant Williams, arguing he had been improperly joined (Doc. 15) without possibility of recovery against him under Louisiana law.  Plaintiffs countered, moving to amend their complaint (Doc. 19) to add two new defendants, Jeff Gunnels and Cedric Miller, alleging they are also individually liable for their injuries.  Defendants oppose the motion for leave to amend (Doc. 23) on grounds that neither of the individuals plaintiffs seek to add can be found liable under Louisiana law.  Now plaintiffs have further moved to amend their complaint to allege more specifically that Gunnels, not Williams, was the manager responsible for the installation of the fixture that fell and struck the plaintiffs (Doc. 22). Plaintiffs and all individual defendants are residents of Louisiana, while Wal-Mart is a corporate citizen of Arkansas.

## DISCUSSION

28 U.S. § 1332(a) gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); *Caterpillar v. Lewis*, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996).  All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction.  *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2635 (2005).  Therefore, where one plaintiff and one defendant

are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the nondiverse parties have been improperly joined in the suit. "Improper Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court. *McKee v. Kansas City Southern Railway Co.*, 358 F.3d 329, 333 (5th Cir. 2004); *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). We deal here with the latter scenario. Defendants allege, as they must, that plaintiffs have no reasonable possibility of recovery against the individual defendants in state court. Their burden of proof is a heavy one. See *Ross v. Citifinancial*, 344 F.3d 458, 463 (5th Cir. 2003); *Travis*, 326 F.3d at 648. Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Smallwood v. Illinois Central R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004). To prove improper joinder, the defendants must put forward evidence that would negate a possibility of recovery against the non-diverse defendant(s). *Id.* All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor. *Travis*, 326 F.3d at 648. Furthermore, the Fifth Circuit has cautioned us against a finding of improper joinder before the plaintiff has had sufficient time for discovery. *Id.* at 651 (ordering federal district court to remand case to state court after finding that plaintiff had a reasonable possibility of recovery under state law). "Simply

3

pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for (the plaintiff) to establish (the defendant's) liability at trial." *Id.* Plaintiffs are all citizens of Louisiana, while Wal-Mart is a foreign corporation. Williams, Gunnels and Miller, however, also reside in Louisiana, thus their presence in the suit would destroy the complete diversity required by federal law. Whether this Court retains its diversity jurisdiction over this matter turns on the one individual defendant and two potential defendants, and their liability under Louisiana law for their alleged failures to prevent plaintiffs' injuries.

### A. Thomas Williams

Plaintiffs' complaint reveals no allegation that Williams actively caused any harm. Rather, it contains accusations of failure and neglect on the part of Williams to properly supervise and train the store's employees and to institute procedures for maintaining the safe condition of the rack that allegedly fell on the plaintiff.

Under Louisiana law, a store manager or other employee may not be held liable for an invitee's injury on store premises unless four distinct criteria are satisfied. *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973); *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994). First, the employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought. *Canter*, 283 So.2d at 721. Second, this duty is delegated by the employer

4

to the employee. *Id.* Third, the employee has breached this duty through personal fault, as contrasted with technical or vicarious fault. *Id.* Fourth, personal liability cannot be imposed upon the employee because of his general administrative responsibility for performance of some function of employment. *Id.* He must have a personal duty to the plaintiff, and the breach of that duty must have caused the plaintiff's damages. *Id.* Also, if the defendant's responsibility was delegated with due care to a subordinate, he is not liable unless he knew or should have known of the non-performance or mal-performance of the duty by the subordinate. *Id.*

In order to state a cause of action against Williams, then, it must be shown that Wal-Mart delegated its duty to him and that he personally breached that duty.

Wal-Mart, as a merchant, owes its patrons a duty to exercise reasonable care to keep its passageways in a reasonably safe condition, ensuring that the premises are free of hazardous conditions which might reasonably cause damage. La. R.S. 9:2800.6. A review of plaintiffs' complaint reveals no allegations that Wal-Mart ever delegated any of its duties to protect the safety of the plaintiffs nor that Williams ever acted unreasonably. Nor does the record independently show that either could have occurred. Plaintiffs generically allege the manager was responsible for training other store employees and implementing procedures for others to follow. Neither of these assignments entails a personal duty to ensure plaintiffs' safety. Instead, they deal with William's general duties as a manager

5

of a store where other employees will be involved in activities which affect the safety of the store patrons.

This case is similar to *Brady v. Wal-Mart Stores*, in which a store manager was sued for failing to prevent a stack of boxes from falling on an invitee's head. 907 F.Supp. 958, 960 (M.D. La. 1995). The court noted that, although plaintiff accused the manager of being responsible for stacking the boxes improperly, there was no accusation that the manager himself stacked the boxes, and the plaintiff could not reveal who personally caused the accident. *Id.* Holding that it was improper to hold a manager liability for breaches of his general administrative duties as store manager, the court agreed he had been improperly joined. *Id.* at 961.

As in *Brady*, there are no allegations here that Williams actively contributed in any way to the allegedly defective condition of the shelf. Further, plaintiffs have not identified the individual who actually installed the shelf, and thus can draw no link between Williams and that employee. This is a classic case of attempting to place liability upon an employee "simply because of his general administrative responsibility for performance of some function of employment." *Canter* at 721. There is no such theory of recovery under Louisiana law. Therefore, plaintiffs' claims against Williams fall short as a matter of law; thus, he has been improperly joined and will be dismissed from this suit.

B. Jeff Gunnels

The Court next considers plaintiffs' motion to amend their complaint to add Jeff Gunnels as a defendant, which would also destroy the Court's diversity jurisdiction. Gunnels worked as a manager when the store opened in 1999 and left the position three years before the plaintiffs' incident. Plaintiffs' allegations against Gunnels are similar to those against Williams–he failed to supervise properly, train and inspect his employees, implement proper procedures for maintaining the rack in a safe condition, or warn patrons of the alleged danger. As with Williams, plaintiffs do not allege any delegation by Wal-Mart of a duty to keep plaintiffs reasonably safe, or that Gunnels acted in some way to create the danger. Again, plaintiffs seek to impose liability due to Gunnels' general managerial duties. Therefore, those claims against him must fail for the same reasons as those against Williams.

They also fail for other reasons. In his deposition, Gunnels claims to have no recollection of the rack which allegedly fell on the plaintiffs (Deposition of Jeff Gunnels, Doc. 23, Exh. C, p. 53). Plaintiffs do allege in their amended complaint that Gunnels installed the rack and that he failed to use due care in doing so (Doc. 19). Plaintiffs, however, offer no evidence in support of this theory. Again, Gunnels's sworn deposition testimony indicates he has no recollection of the rack. Once a defendant has offered summary judgment-type evidence in a motion to dismiss for improper joinder, the plaintiff should respond with counter-evidence

showing that it can prove its case at trial. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101 (5th Cir. 1990). Here, the plaintiffs have offered nothing to rebut the evidence offered by the defendants which, by itself, would allow a factfinder to do no more than speculate as to Gunnel's culpability. This is insufficient to sustain a claim against him. Therefore, the Court finds that Gunnels would be improperly joined if he were to be added as a defendant. Plaintiffs' motion to amend their complaint to add Gunnels as a defendant will be denied.

C. Cedric Miller

Like defendant Gunnels, Miller's presence in the case would destroy diversity jurisdiction. Cedric Miller was a Wal-Mart employee and was present in the store at the time of the incident. Plaintiffs' sole theory of liability as to Miller is that he was aware that the rack was falling upon them, yet failed to give warning. As a general rule of tort law, there is no duty on the part of an onlooker, who has committed no act of negligence, to come to the aid of another in peril absent a special relationship. *Strickland v. Ambassador Insurance Co.*, 422 So.2d 1207, 1209 (La. App. 1 Cir. 1982). While there may be numerous "special relationships" scattered throughout the jurisprudence (doctor-patient, teacher-child, innkeeper-guest) the Court is not at liberty to create a general duty of due care stemming from the employee-invitee relationship, when the parameters of the duty have already been drawn by the Louisiana Supreme Court in *Canter*. Wal-Mart has a duty to provide plaintiffs with a reasonably safe place to shop, but

8

this duty does not extend to individual employees unless the *Canter* requirements are satisfied.  Otherwise, the second *Canter*  requirement, that Wal-Mart has delegated its duty to Miller, would be superfluous and unnecessary.  Plaintiffs' proposed amended complaint contains no allegation that Wal-Mart delegated to Miller any duty to warn customers of safety hazards.  Thus, the requirements of *Canter* cannot be met and, as tort law imposes no other duty upon Miller to come to the plaintiffs' aid, the Court is satisfied that there is no reasonable possibility of recovery against Miller under Louisiana law.  Plaintiffs' motion to amend their complaint  to add Cedric Miller will, therefore, be denied.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss defendant Thomas Williams (Doc. 15) will be granted.  The plaintiffs's motion for leave to amend their complaint (Docs. 19 and 22) will be denied.  A separate judgment will issue  accordingly.

SIGNED on this 27th day of July, 2005, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge

9